IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| DONNIE LEE ROBERTS, | § | |
| Petitioner, | § | |
| v. | § | No. 1:09cv419 |
| RICK THALER, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division, | §<br><br>§ | |
| Respondent. | § | |

**ORDER GRANTING IN PART**
**PETITIONER'S APPLICATION FOR CERTIFICATE OF APPEALABILITY**

THIS MATTER comes before the court on Petitioner Donnie Lee Roberts's ("Roberts's") application for a certificate of appealability (document #16), filed on November 16, 2011. The court, having considered the circumstances alleged and authorities cited in the application, finds that it is well-taken in part and it will be granted in part.

The court denied Roberts's application for a writ of *habeas corpus* on November 7, 2011. To appeal this decision, Roberts must obtain a certificate of appealability pursuant to 28 U.S.C. §2253. Subsection (c)(2) of that statute provides that an application for a certificate of appealability shall be granted if a petitioner makes a substantial showing of the denial of a constitutional right. To make such a showing, a petitioner must demonstrate that the issue is (1) debatable among jurists of reason, or (2) that the questions are adequate to deserve encouragement to proceed further. *See*

*Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983). Because this is a capital case, any doubt whether petitioner's claims meet those standards must be resolved in favor of the petitioner. *Fuller v. Johnson*, 114 F.3d 491, 495 (5th Cir.), *cert. denied*, 522 U.S. 963 (1997).

Roberts states that all nineteen of his claims are debatable among jurists of reason and all nineteen deserve encouragement to proceed further, but he provides neither explanation nor legal authority as to why this is so. Because this is a capital case, however, the Court has *sua sponte* reviewed its opinion and finds that three of Roberts's claims: that his right to be free from cruel and unusual punishment was violated when the trial court refused to allow defense expert Dr. Kathleen McQueen to testify during the punishment determination phase of Roberts's trial that his combined use of alcohol and crack cocaine caused him to commit capital murder; that his right to the effective assistance of counsel was denied when his trial counsel failed to object to victim impact evidence from the victim of an extraneous offense; and that his right to be free from cruel and unusual punishment was violated when the trial court refused to allow testimony regarding how a death sentence would affect his family members, are adequate to deserve encouragement to proceed further. The Court finds that none of Roberts's other claims are either debatable among jurists of reason or adequate to deserve encouragement to proceed further.

IT IS THEREFORE ORDERED that Roberts's application for a certificate of appealability is GRANTED IN PART. The Court certifies the appealability his tenth, eleventh and fourteenth claims.

SIGNED this the 7 day of **December, 2011.**

---
Thad Heartfield
United States District Judge